UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Wayne Lepore,<br><br>  Plaintiff,<br><br>v.<br><br>Menard, Inc.<br><br>  Defendant. | CAUSE NO. 2:22-cv-106 |

## PETITION FOR REMOVAL OF ACTION

Defendant, Menard, Inc., by counsel, hereby files this Petition for Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the following grounds:

1. On February 25, 2022, Plaintiff Wayne Lepore commenced this action against Menard, Inc. in the Lake County Superior Court under cause number 45D01-2202-CT-000206. [*See* State Court docket including Complaint, attached hereto as "Exhibit 1"].

2. This Court has original jurisdiction over the underlying state court case pursuant to 28 U.S.C. §1332(a).

3. Pursuant to 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1446(c), this Notice of Removal is timely filed as it is filed within 30 days after service of Plaintiff's Complaint and when Defendant Menard, Inc. first ascertained that the case was removable, and it has been less than one (1) year since February 25, 2022, the date this action was commenced.

### DIVERSITY JURISDICTION

4. This matter is properly removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, as this Court has jurisdiction over this case since the matter in controversy

exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of costs and interest, and is between citizens of different states.

5. Plaintiff Wayne Lepore was at the time of the filing of the Complaint and still is, a citizen of Indiana. *See 3BTech, Inc. v. Wang*, No. 3:20-CV-637 JD, 2021 U.S. Dist. LEXIS 75202, at *9 (N.D. Ind. Apr. 20, 2021); *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) (holding an individual's citizenship is determined by his or her domicile).

6. Defendant Menard, Inc. was at the time of the filing of the Complaint, and still is a Wisconsin Corporation with its principal place of business in Eau Claire, Wisconsin. Thus, pursuant to federal law, Menard, Inc. is considered a citizen of the state of Wisconsin for purposes of this petition for removal. *See* 28 U.S.C. § 1332(c)(1); *Mazur v. ZMC Auto Sales, Inc.*, No. 2:19-CV-333-TLS, 2021 U.S. Dist. LEXIS 93620, at *2 n.2 (N.D. Ind. May 17, 2021) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)) (noting a corporation is a citizen of every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business).

7. Since Plaintiff and Defendant are citizens of different states, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a). As such, removal is appropriate. *Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346, 347 (7th Cir. 2006).

## AMOUNT IN CONTROVERSY

8. On February 25, 2022, Plaintiff Wayne Lepore commenced this action against Menard, Inc. alleging that on July 13, 2021, he was an invitee at the Defendant's store located in Schererville, Indiana and was pinned/trapped, due to an unsafe/dangerous/broken escalator and purportedly sustained personal injuries. [*See*

Plaintiff's Complaint attached as Ex. 1 at ¶ 4]. Plaintiff alleges theories of negligence, negligence *per se, res ispa*, and strict liability against Menard, Inc. Plaintiff asserts that. [Id. at ¶ 7]. Further, Plaintiff claims that as a direct and proximate result of the negligence of Menard, Inc., he suffered injuries, some of which are permanent, incurred medical expenses for care, testing and treatment, suffered loss of wages and earning ability, and an inability to engage in his (sic) normal daily activities for an indefinite period of time. [*Id*. at ¶ 8].

9. In addition to the above-referenced damages, it is believed that Plaintiff is also claiming a fracture for which he is still treating, and the amount in controversy will be in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

10. On April 13, 2022, Defense Counsel sent an email correspondence to Plaintiff's Counsel to confirm the amount in controversy did not exceed $75,000.00. No response was received. As such, on April 25, 2022, Defense Counsel sent another email correspondence to Plaintiff's Counsel to confirm whether the amount in controversy did not exceed $75,000.00. To date, no response has been received.

11. While liability and damages will be contested, it is Defendant Menard, Inc.'s good faith belief that based upon the information contained within the Complaint along with Plaintiff's inability to enter into a stipulation limiting his damages to less than $75,000.00, the amount in controversy exceeds the $75,000 jurisdictional amount, exclusive of interests and costs. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir.2006); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (holding that Plaintiff's refusal to stipulate to damages gave a reasonable inference that recovery would exceed $75,000).

### DEADLINE TO FILE REMOVAL

12. Pursuant to 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1446(c)(1), this Notice of Removal is timely filed as it is filed within 30 days after service of Plaintiff's Complaint and when Defendant Menard, Inc. first ascertained that the case was removable, and it has been less than one (1) year since February 25, 2022, the date this action was commenced.

13. Plaintiff Wayne Lepore commenced this lawsuit on February 25, 2022, and service was perfected upon Defendant on March 28, 2022 by Sheriff.  As such, Pursuant to 28 U.S.C. § 1446(b)(3), removal must be effectuated by April 27, 2022.  Defendant has been trying to ascertain whether the amount in controversy exceeded the $75,000 jurisdictional amount, exclusive of interests and costs.  It is Defendant Menard, Inc.'s good faith belief that based upon the information contained within the Complaint along with Plaintiff's inability to enter into a stipulation limiting his damages to less than $75,000.00, the amount in controversy exceeds the $75,000 jurisdictional amount, exclusive of interests and costs.

14. Therefore, this action may be removed pursuant to 28 U.S.C. §1441 and §1446 as the matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, and is between citizens of different states.

### SERVICE AND FILING OF THIS NOTICE FOR REMOVAL

15. Upon filing this Petition for Removal, Defendant Menard, Inc. will give written notice of the filing for Notice of Removal to all counsel of record and the Clerk of the Lake County Superior Court.

16. Defendant Menard, Inc. demands a jury trial on all triable issues.

**WHEREFORE**, Defendant, Menard, Inc., respectfully requests that the entire state court action pending in the Lake County Superior Court No. 1, under Cause Number 45D01-2202-CT-000206, be removed to this Court for all further proceedings.

Dated:  April 27, 2022.

                                        Respectfully submitted,

                                        KOPKA PINKUS DOLIN PC

                                        By: _/s/   Jessica N. Hamilton_____
                                              Jessica N. Hamilton, Atty No. 34268-71
                                              Leslie B. Pollie, Atty No. 25716-49
                                              Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2022, the foregoing has been filed through the Court's ECF system and notice has been electronically served on all counsel of record. Parties may access this filing through the Court's system.

Steven J. Alvarez
Walter J. Alverez
Walter J. Alvarez, P.C.
1524 West 96th Avenue
Crown Point, IN  46307
*Attorneys for Plaintiff*

                                        _/s/   Jessica N. Hamilton_____

KOPKA PINKUS DOLIN PC
550 Congressional Boulevard
Suite 310
Carmel, IN 46032
(317) 818-1360 | office
(317) 818-1390 | fax
jnhamilton@kopkalaw.com